UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN WOFFORD,

    Petitioner,

v.

JEFFREY WOODS, *Warden*,

    Respondent.

Case No. 16-cv-13083
Honorable Laurie J. Michelson

## ORDER DENYING PETITIONER'S RULE 60(B) MOTION [29]

This Court granted Melvin Wofford a writ of habeas corpus because it believed that the removal of a holdout juror from his trial contravened the Constitution. *See Wofford v. Woods*, — F. Supp. 3d — No. 16-CV-13083, 2018 WL 5786212, at *8–9 (E.D. Mich. Nov. 5, 2018); *Wofford v. Woods*, No. 16-CV-13083, 2019 WL 140492, at *1–2 (E.D. Mich. Jan. 9, 2019). But the Court also found that Wofford's claim that the evidence at trial was not sufficient for a jury to convict him did not warrant a writ. *See* 2018 WL 5786212, at *9–10.

Wofford would like to appeal that second determination. In particular, he asks this Court for relief from judgment under Rule 60(b). He further says, "If this Court grants Mr. Wofford's 60(b) motion, he requests an opportunity to file a brief outlining why a [Certificate of Appealability] is appropriate here." (ECF No. 29, PageID.2695.)

The Court is not aware of any requirement that the grant or denial of a certificate of apealability must be part of the judgment such that a Court's failure to grant or deny the certificate in the judgment requires modifying the judgment. And Wofford cites no legal authority establishing such a requirement. That said, it is this Court's responsibility to, in the first instance,

grant or deny a certificate of appealability. The Court believes it can correctly decide that issue without additional briefing from Wofford.

The certificate will be denied. This Court should only grant Wofford a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Even assuming that the evidence against Wofford was not sufficient for a jury to find him guilty beyond reasonable doubt, it would remain that the Michigan Court of Appeals thought otherwise. Given 28 U.S.C. § 2254(d), the Court does not believe that reasonable jurists would debate how this Court resolved Wofford's insufficient-evidence claim. So this Court DENIES Wofford's motion for a certificate of appealability. (He may, of course, seek one from the Court of Appeals.) But the Court GRANTS Wofford leave to appeal without prepayment of the filing fee and costs. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 5, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 5, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager